UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

SYNDICATED FOOD SERVICES
INTERNATIONAL, INC., ET AL.,

                Defendants.
------------------------------------------------------------X

**ORDER**

04-CV-1303 (NGG) (ALC)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 10, 2009, Plaintiff filed a Second Amended Complaint ("Complaint" (Docket Entry # 135)) alleging that Joseph Ferragamo ("Ferragamo") and eighteen other Defendants violated various provisions of the federal securities laws. Specifically, Plaintiff alleges that Ferragamo violated Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

Plaintiff properly served its Complaint on Ferragamo. (See Mui Decl. (Docket Entry #187-2) ¶ 4.) Ferragamo has not appeared, answered, or otherwise defended this action. (See id.) On October 19, 2009, the Clerk of Court entered a Notation of Default against Ferragamo. (Docket Entry # 160.) Plaintiff now seeks a default judgment under Federal Rule of Civil Procedure 55 and Local Rule 55.2 and an order permanently enjoining Ferragamo from violating

the federal securities laws, and participating in any penny stock offering. (See Plaintiff's Application for Judgment of Default (Docket Entry #187).)[1]

I.  **DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all of the factual allegations of the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiff's allegations establish that Ferragamo violated the securities laws as specified in the Complaint. Accordingly, default judgment is appropriate.

II.  **AVAILABILITY OF AN INJUNCTION**

Plaintiff asks the court to permanently enjoin Ferragamo from further violations of the federal securities laws. To obtain injunctive relief, Plaintiff must show that there is a reasonable likelihood that violations will occur in the future. See 15 U.S.C. §§ 77t(b); 78u(d). To determine whether there is a reasonable likelihood that a defendant will commit future violations, courts generally consider: (i) the egregiousness of the conduct; (ii) the isolated or recurrent nature of the infraction; (iii) the degree of scienter involved; (iv) the sincerity of the defendant's assurances against future violations; (v) and the defendant's recognition of the wrongful nature of his conduct. See SEC v. Cavanaugh, 155 F.3d 129, 135 (2d Cir. 1988).

Accepting all the allegations in the Complaint as true, the court finds the following facts:

---

[1] On February 23, 2004, Ferragamo was indicted in a parallel criminal proceeding, United States v. Pirgouis, et al., 04-CR-159 (NGG) (E.D.N.Y.). On November 4, 2004, Ferragamo consented to transfer that case to the United States District Court for the District of New Jersey. See United States v. Ferragamo, 05-CR-29 (WHW) (D.N.J.). Ferragamo pleaded guilty, and was sentenced on January 19, 2006.

2

1. From 1999 through 2000, Ferragamo, in conjunction with other brokers at a branch office of LH Ross & Company, Inc., knowingly or recklessly violated the federal securities laws by receiving kickbacks in exchange for selling stock of Syndicated Food Service International, Inc. ("Syndicated"). (See Compl. ¶¶ 54.) The kickback arrangements were never disclosed to investors. (See id. ¶ 55.) Many of the stocks involved were "penny stocks." (See id. ¶ 57.)

2. Ferragamo supervised other brokers who made material misrepresentations about Syndicated in order to induce clients to purchase shares. (Id. ¶ 57.) Ferragamo also knew, or recklessly disregarded, that telemarketers under his control assumed the identities of registered brokers while soliciting sales of stock from investors, and that the telemarketers made material misstatements and omitted material facts while soliciting investors. (Id. ¶ 58.)

Ferragamo's conduct establishes a reasonable likelihood of future violations. First, his conduct was egregious in that he engaged in an extended, manipulative scheme. Second, he acted knowingly or recklessly. Third, he has not given any assurances that he will not violate the securities laws in the future or that he recognizes the wrongful nature of his conduct.

### III. RELIEF

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. Ferragamo, his respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. Ferragamo, his respective agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Ferragamo is permanently enjoined from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, inducing, or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act. See 17 C.F.R. § 240.3a51-1.

4.	There being no just reason for delay, the court directs the Clerk of Court to enter judgment as set forth in this order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 5, 2010

NICHOLAS G. GARAUFIS
United States District Judge