UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

**MEMORANDUM & ORDER**

Plaintiff,

**04-CV-1303 (NGG) (ALC)**

-against-

SYNDICATED FOOD SERVICES
INTERNATIONAL, INC., ET AL.,

Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On September 2, 2010, the court denied Defendant Michelle Kramish Kain's motion to dismiss the claims against her under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). ("Jurisdiction Decision" (Docket Entry # 178).) Kain now asks the court to amend that order to certify the issue of personal jurisdiction for interlocutory appeal. (Motion to Amend Order DE 178 to Permit Appeal ("Kain Motion") (Docket Entry # 191). As set forth below, Kain's motion is denied.

I. **LEGAL STANDARD**

A district court may certify a question for interlocutory appeal where: (1) the decision to be appealed involves a controlling issue of law; (2) there is a substantial ground for difference of opinion on the controlling issue of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "These three prerequisites create a significant hurdle to certification, and the barrier is elevated by the mandate that section 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" McNeil v.

1

Aguilos, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990)). The Second Circuit has urged the district courts to "exercise great care in making a § 1292(b) certification." Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992); see also Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals.")

## II.  DISCUSSION

The parties do not dispute that the court's jurisdiction over Kain is a "controlling issue of law" or that an immediate appeal, if successful, would "materially advance the ultimate termination of the litigation." Accordingly, the sole question presented by Kain's motion is whether there is a "substantial ground for difference of opinion" regarding the appropriateness of jurisdiction and whether there are "exceptional circumstances" sufficient to overcome the general policy against piecemeal litigation.

To determine whether "the issue for appeal is truly one on which there is a *substantial* ground for dispute," a district court must "analyze the strength of the arguments in opposition to the challenged ruling." In re Flor v. BOT Financial Corp., 79 F.3d 281, 284 (2d Cir. 1996); see also In re Adorn Glass & Venetian Bind Corp., 05-CV-1890 (RJH), 2005 U.S. Dist. LEXIS 35291, at *14-15 (S.D.N.Y. Dec. 16, 2005) ("[T]he legislative history of Section 1292(b) indicates that to satisfy this prerequisite there must be substantial doubt that the district court's order was correct.") (internal quotation omitted). Kain argues that there is substantial ground for difference of opinion regarding the standard that determines the due process limits on personal jurisdiction.

2

The court has reviewed the submissions of the parties, as well as the applicable law. Having done so, the court finds that the passage of time has not undermined Judge Gerard E. Lynch's conclusion that Second Circuit authority in this area is "clearly establishe[d]." SEC v. Softpoint, Inc., 95-CV-2951 (GEL), 2001 U.S. Dist. LEXIS 286, at *15 (S.D.N.Y. Jan. 17, 2001). Kain cites cases from other Courts of Appeal and argues that, in analyzing the due process limits on personal jurisdiction, those Courts "give more weight and deference [than the Second Circuit] to an individual's rights and his or her connection to the forum." (Kain Motion at 10.) Even if this is a correct characterization of those cases, they offer no basis for concluding that the test applied in the Second Circuit is incorrect or that its reasoning is somehow flawed.

This court discussed the reasonableness of personal jurisdiction in its previous order. (See Jurisdiction Decision at 4-5.) In doing so, the court noted that, because Kain resides in Florida, litigation in this court imposes some burden on her, at least relative to other possible forums. (Id. at 5.) The court also discussed reasons why the burden on Kain was reasonable under the circumstances, particularly in light of countervailing considerations that favored this forum. (Id.) To the extent that Kain identifies additional burdens in her current motion – e.g., the threat that this litigation poses to her personal reputation – they do not meaningfully impact the reasonableness of jurisdiction. Moreover, it does not appear that, even if the court were to follow the standard set forth in the cases identified by Kain, the result would be any different. See, e.g., Republic of Panama v. BCCI Holdings S.A., 119 F.3d 935, 947 (11th Cir. 1997) (noting that, where suit is brought under a statute providing for nationwide service of process, "contacts with the forum state are not constitutionally required" and that "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern") (citing Asahi

Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 116 (1987) ((Brennan, J., concurring in part and concurring in the judgment)).

## III. CONCLUSION

Kain has not demonstrated that there is a "substantial ground for difference of opinion" regarding the appropriateness of jurisdiction in her case or that there are "exceptional circumstances" sufficient to overcome the policy against piecemeal litigation. Consequently, Kain's motion to amend the court's September 2, 2010 order to certify the issue of personal jurisdiction for interlocutory appeal is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 10, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge